United States District Court
Southern District of Texas
**ENTERED**
April 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Dennis Turner and Darlene Brooks, § § § *Plaintiffs*, § § v. § § Autumn Lake Property Owners § Association, Inc., § § *Defendant*. § § § | Civil Action No. 4:24-cv-02430 |

## **MEMORANDUM AND RECOMMENDATION**

On January 31, 2025, Defendant Autumn Lake Property Owners Association, Inc. ("Autumn Lake") filed a motion to dismiss this suit, alleging that Plaintiffs Dennis Turner and Darlene Brooks have not stated any cognizable federal claim, as necessary to confer this Court with federal question jurisdiction. Dkt. 19. Because Plaintiffs failed to respond, the motion is deemed unopposed. *See* S.D. Tex. L.R. 7.4. After carefully considering the motion, the record, and the applicable law, it is recommended that the motion to dismiss be granted.

## Background

In their complaint, Plaintiffs accuse Autumn Lake of overcharging homeowners' association fees "for over 18 years." Dkt. 1 at 4. They maintain (internally inconsistently) that the problems began in 2014 (i.e., about 10 and not 18 years ago). *Id.* Plaintiffs allude to an unspecified legal proceeding in Brazoria County, where the court rejected their attempt to challenge the amount of fees. *See id.* As the sole basis for jurisdiction, the complaint invokes federal question jurisdiction based on: (1) "HUD's Mission Statement"; (2) "Office of Fair Housing and Equal Opportunity (FHEO) Mission; (3) and the Fair Housing Act, 42 U.S.C. § 3601 *et seq. Id.* at 3.

Autumn Lake moved to dismiss this suit under Fed. R. Civ. P. 12(b)(1), asserting that Plaintiffs' allegations sound in state law—not federal law—which would negate the sole asserted basis for jurisdiction. Dkt. 19 at 4-5. Plaintiffs failed to respond to the motion, which is ripe for resolution.

## Analysis

Autumn Lake maintains that Plaintiffs' allegations do not state a cognizable federal claim under any of the provisions they cite. *See* Dkt. 19 at 4. And because there is no federal claim, Autumn Lake asserts that this suit should be dismissed. *See id.* Autumn Lake is correct on both fronts.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power

authorized by Constitution and statute." *Id.* Congress has conferred federal courts with original jurisdiction over two categories of cases: (1) federal questions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (2) suits between citizens of different states with an amount of controversy exceeding $75,000, *see* 28 U.S.C. § 1332(a). *See Badgerow v. Walters*, 596 U.S. 1, 7 (2022). As the party asserting jurisdiction, Plaintiffs bear the burden to establish that jurisdiction is proper. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011).

Only the first avenue above—federal question jurisdiction—provides a potential basis for jurisdiction here. Diversity jurisdiction does not exist because both Plaintiffs and Autumn Lake are citizens of Texas. *See* Dkt. 1 at 3-4 (asserting that Plaintiffs are Texas citizens, and Autumn Lake's principal place of business is in Texas); *see also* 28 U.S.C. § 1332(c)(1) (corporations are citizens of both the state of incorporation and the state where they maintain their principal place of business).

Autumn Lake's arguments against jurisdiction hinge on the merits of Plaintiffs' federal claims. In such an instance, dismissal for lack of jurisdiction is proper only if the federal claims either "clearly appear[] to be immaterial and made solely for the purpose of obtaining jurisdiction" or if those claims are "wholly insubstantial and frivolous." *Bell v. Hood*, 37 U.S. 678, 682-83 (1946). This standard is met if the federal claims are "obviously without merit" or their

"unsoundness so clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject." *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (quoting *Mays v. Kirk*, 414 F.2d 131, 135 (5th Cir. 1969)).  Claims that lack any legal substance are deemed to be wholly insubstantial and frivolous.  *See id.* at 343.

The complaint cites, in conclusory fashion, the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, "HUD's Mission Statement," and the "Office of Fair Housing and Equal Opportunity (FHEO) Mission."[1]  *See* Dkt. 1 at 3.  But Plaintiffs' factual allegations concern Autumn Lake's charges for homeowners' association fees.  *See* Dkt. 1 at 4.  That has nothing to do with the Fair Housing Act, which governs (1) discrimination in the *sale or rental* of housing, 42 U.S.C. § 3604; (2) discrimination in the making or purchasing of loans for housing and the sale, brokering, or appraising of property, *id.* § 3605; and (3) discrimination in the listing and brokering of property for sale or rent, *id.* § 3606.  Nor can the mission statements of the Department of Housing and Urban Development or the Office of Fair Housing and Equal Opportunity confer a right of action, much less one to recover homeowners' association charges.  And nothing elsewhere in the complaint suggests that Plaintiffs' claim hinges on federal law.

---

[1] Because Autumn Lake's arguments are governed by Rule 12(b)(6), the Court declines to consider their various exhibits that include account statements, correspondence, a release agreement, and an attorney declaration.  *See* Dkt. 19-2 at 1-23; Dkt. 19-3.  None of these items are proper subjects of judicial notice.

Because Plaintiffs' federal claims lack any legal substance, they are insufficient to show that federal question jurisdiction exists. *See Southpark Square Ltd.*, 565 F.2d at 342-43 (concluding the lack of "any legal substance" to the plaintiff's claim meant that "we cannot avoid the conclusion that its claim is wholly insubstantial and frivolous") (quotations omitted). The proper course is to dismiss this suit for want of jurisdiction.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Autumn Lake Property Owners Association, Inc.'s motion to dismiss (Dkt. 19) be **GRANTED**, and that this suit be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 24, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge